NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANDEEP SINGH, | No. 08-72587 |
| Petitioner, | Agency No. A099-338-318 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, Judge.**

Mandeep Singh (Singh) petitions for review of a Board of Immigration

Appeals' (BIA) decision affirming the denial of his applications for asylum,

withholding of removal, and protection under Article III of the United Nations

Convention Against Torture (CAT).

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable James Maxwell Moody, United States District Judge
for the District of Arkansas, sitting by designation.

Singh contends the immigration judge (IJ) erred by basing its adverse credibility determination on (1) minor inconsistencies that do not go to the heart of his claim and (2) his failure to provide corroborating documents.

The parties agree that we must apply the REAL ID Act to Singh's application for asylum, withholding of removal, and protection under CAT, because he filed the application after the effective date of the act. Under the act, "[t]o support an adverse credibility determination, inconsistencies must be considered in light of the totality of the circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (citations and internal quotation marks omitted). One relevant factor is "the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)." 8 U.S.C. § 1158(b)(1)(B)(iii). Further, "[i]nconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha*, 590 F.3d at 1043 (citation omitted).

Based on this standard, the IJ's adverse credibility determination is supported by substantial evidence. Singh testified that the police slapped and beat him during his first arrest, but his description of the arrest in his application for asylum failed to include this allegation (though describing his father's arrest and

2

beating).  After being confronted, the IJ allowed him additional time to present corroborating evidence.  He failed to provide evidence verifying his father's arrest, or his own medical treatment, providing only an affidavit from his mother that the treating physician refused to provide documentation or get involved.  Additionally, Singh provided conflicting testimony whether he was a member of the All India Sikh Students Federation.

Consequently, the BIA's decision that the IJ properly denied Singh's applications for asylum and withholding of removal must be affirmed.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation." (citation omitted)) .

"To receive CAT protection, a petitioner must prove that it is more likely than not that he or she would be tortured if removed."  *Shrestha*, 590 F.3d at 1048 (citations and internal quotation marks omitted).  "An adverse credibility determination is not necessarily a death knell to CAT protection. . . . But when the petitioner's testimony is found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the reports alone compelled the conclusion that the petitioner is more likely than not to be tortured."  *Id.* at

3

1048–49 (citations, alterations, and internal quotation marks omitted).  Neither the country report or any other evidence in the record compels the conclusion that Singh is more likely than not to be tortured if removed.  *See Shrestha*, 590 F.3d at 1048–49.  Therefore, the BIA's denial of protection under CAT is supported by substantial evidence.

**PETITION FOR REVIEW DENIED.**